**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-20252-JTF-tmp |
| | ) | |
| CHRISTOPHER CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Christopher Crawford's Motion to Suppress filed December 21, 2015. (ECF No. 58). The Government filed a Response in opposition to Defendant's motion on January 19, 2016. (ECF No. 61). On January 21, 2016, the Court referred the instant motion to the United States Magistrate Judge for Report and Recommendations pursuant to 28 U.S.C. § 636(b). (ECF No. 66). On February 8, 2016, the Magistrate Judge held a suppression hearing. (ECF No. 69 and ECF No. 130). After the hearing, the Magistrate Judge permitted the parties to file supplemental briefs regarding their positions and the additional issues raised by the Defendant during the evidentiary hearing. (ECF Nos. 71, and 130).

After considering the parties' arguments and the supplemental briefs, the Magistrate Judge issued his report and recommendation on May 16, 2016, that the Defendant's Motion to Suppress be denied. (ECF No. 115). On May 20, 2016, Defendant filed timely objections.

1

(ECF No. 116). After *de novo* review, the Court adopts the Magistrate Judge's Report and Recommendation and finds that the Defendant's Motion to Suppress should be DENIED.

I. **STANDARD OF REVIEW**

A United States District Court Judge may designate a United States Magistrate Judge to conduct evidentiary hearings and submit proposed findings of fact and conclusion of law for certain motions, including motions to suppress evidence in criminal cases pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject, or modify in whole or in part, the Magistrate's proposed findings and recommendations. *See* 28 U.S.C. 636 § (b)(1)(B); See also *United States v. Raddatz*, 447 U.S. 667, 673-75 (1980), *reh'g den*., 448 U.S. 916 (1980); *United States v. Quinney*, 238 F. App'x 150 (6th Cir. 2007); and *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001)(a magistrate judge's ruling on dispositive motions such as those for summary judgment or the suppression of evidence must be reviewed *de novo* by the district court).

In criminal cases, the District Judge is required to make a *de novo* determination of those portions of a Magistrate Judge's report and recommendation to which specific objections are made. *Raddatz*. 447 U.S. at 674-75.

II. **FACTUAL HISTORY**

The Magistrate Judge provided an extensive summary of the factual history of this case. The Defendant objects to one of the Magistrate Judge's proposed factual finding, that Detective Fry's statement and testimony that an over-labeled package was shipped to Crawford's residence was supported by the evidence.[1] (ECF No. 116, p. 1). The Court finds that evidence was

---

[1] The factual summary included that the underlying investigation began on or about May 21, 2014, in New York City after off-duty FedEx personnel observed an individual collecting eight (8) FedEx boxes from the back of a trunk and throwing them into a dumpster. From there, officials found a widespread theft scheme involving over-

2

presented in support of Detective Fry's statement. (ECF No. 130, p. 19). Fry testified that Special Agent Johnson, the investigating agent, advised him that one of the "shipments came back to Mr. Crawford in Memphis, Tennessee at his apartment." His testimony continued that tracking data revealed that on July 20, 2013, FedEx security and a K9 officer intercepted a package containing $10,000.00 in currency that had been shipped from New York to Mr. Crawford's apartment residence in Memphis. On the same date, Crawford had called for the package. Later, investigators linked the package to a co-conspirator. *Id.* at pp. 16, 19. Accordingly, sufficient testimony was offered to support Fry's testimony that one of the packages was mailed to Crawford's Memphis address. The Defendant's objection to the Magistrate Judge's proposed findings of fact is Overruled.

The Magistrate Judge's proposed findings of fact are adopted as the factual history of the case.

### III. ANALYSIS

On February 8, 2016, the Magistrate Judge conducted an evidentiary hearing and considered whether a *Franks* hearing was necessary.[2] The Magistrate Judge concluded that Crawford had not made the substantial preliminary showing that the affidavit contained a false statement that was knowingly or intentionally made with reckless disregard for the truth. The Magistrate Judge also denied Crawford's request for another hearing on this issue, concluding that a second hearing would in fact comprise a *Franks* hearing. (ECF No. 115, pp. 9-10 and ECF No. 130, p. 45). The Magistrate Judge concluded that Detective Fry's statement in the affidavit

---

labeling, a term which means the original recipient label is replaced with another shipping label. (ECF No. 130, pp. 18-19).

[2] As noted in the report and recommendation, "The purpose of a *Franks* hearing is to allow the defendant to challenge the truthfulness of statements in an affidavit in order to challenge the legality of a search warrant issued on the basis of the affidavit." To successfully raise a *Franks* challenge, the movant must demonstrate that the affiant knowingly or recklessly made a false statement in the affidavit or that the alleged false statement or material omission is necessary to a finding of probable cause. *Franks v. Delaware*, 438 U.S. 158, 171-72 (1978).

regarding the thirty nine over-labels was not misleading; and that Defendant had not shown that Detective Fry's statement in the affidavit and testimony at the hearing that a shipment was actually sent to Crawford's address was actually false or made with reckless disregard. (*Id.* at pp. 10-13).

The Magistrate Judge determined that the affidavit established probable cause by providing a sufficient nexus between Crawford's residence and the suspected illegal activity. (ECF No. 115, pp. 13-14). The Magistrate Judge also found that even if Detective Fry had intentionally or recklessly included a false statement in the affidavit, the remaining uncontested portions of the affidavit sufficiently established probable cause. *U.S. v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) and *U.S. v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). The Magistrate Judge found unpersuasive Crawford's argument under *Riley*, that the agent's seizure of his Ipad was unconstitutional because the search warrant for his residence authorized the seizure of all computers and cell phones for purposes of forensic examination. For these reasons, the Magistrate Judge recommends that the Defendant's motion to suppress be denied.

**Defendant's Objections to the Magistrate Judge's Proposed Conclusions of Law:**

1. The Affidavit Contained a Knowing or Reckless False Statement

The affidavit for search warrant contained the following language at issue:

> 2. As a result of my personal participation in the investigation…
> B. Thirty-nine (39) over-labels created on FedEx software associated with the hijacked account were addressed to Crawford's home _____ in Memphis, Tennessee, 38125.
>     . . . .
> 3.  . . . .
> • A subsequent examination of FedEx data related to these eight boxes revealed an apparent wide-spread pattern of over-labeling involving shipments from Verizon. The over-labeling facilitated the diversion of the Verizon shipments from their originally intended recipients. The over-labeling was accomplished with new labels created via FedEx software against a hijacked account.

4

• The over-labeled shipments were addressed to five (5) separate addresses, four (4) of which were located in New York City; the final address is located in Memphis, Tennessee belonging to Christopher Crawford, _____ Memphis, TN 39125 [sic]. Subsequent investigation revealed the Memphis, Tennessee address was an apartment rented by a former FedEx employee, Christopher Crawford. Christopher Crawford has active MLGW utilities in his name at _____ Memphis, TN 38125. Crawford also has a Tennessee Driver's License with _____ as the address provided to the State of Tennessee.

• An examination of the tracking data and package movements revealed the most likely location of the over-labeling acts were in the FedEx Express' worldwide Hub in Memphis, Tennessee.
. . . .

• Christopher Crawford was employed by FedEx Express as a package handler . . . . in the Northeast and Southeast inputs where the suspect packages were over-labelled.

• On 7/20/2013 FedEx Security discovered a package shipped from New York City to Crawford's Memphis, Tennessee apartment address that had been intercepted by the Shelby County Sheriff's Office. The seized package contained $10000 in United States currency shipped from an individual subsequently linked to the over-labeling scheme. A person identifying himself as "Chris Crawford" called to request the package on July 20, 2013.

• Investigative efforts revealed that Crawford activated a cellphone on November 9, 2013. This cellphone was part of an October 31, 2013, Verizon FedEx shipment which was hijacked by the suspects in this case. Verizon filed a loss claim on November 5, 2013.

• Thirty-nine (39) over-labels in the name of "Tyson Foods" were created on FedEx software associated with the hijacked account were addressed to Crawford's home_____ in Memphis, Tennessee 38125. These labels were created utilizing a computer via the internet.

(Ex. #1).[3]

The Defendant first objects to the Magistrate Judge's proposed finding that he had not produced any evidence that the affidavit contained a false statement(s). (ECF No. 116, pp. 4-6). The Defendant contends that because he was unable to call Agent Reginald Johnson during a second hearing, he was unable to contradict Detective Fry's statement on the affidavit as false.

---

[3] Based on these assertions, Judge Coffey issued a search warrant for Crawford's apartment for documents, emails, financial information, FedEx labels, documents related to FedEx, FedEx packaging related to Tyson Foods, Inc., packaged cell phones, and cell phones belonging to Crawford. The warrant authorized the seizure of mails, emails, text messages, computers and cell phones, printers, scanners, cables and other hardware peripherals.

5

The Defendant speculates "that Johnson will confirm that he never told Detective Fry that any over-labeled package was sent to the target address." (ECF No. 71, p. 4). He further contends that the Magistrate Judge relied on false testimony in denying the Defendant's motion for a *Franks* hearing and in making his recommendation to deny the motion to suppress. Defendant argues that the affidavit implies that "over-labels had actually been created with Crawford's residence, and at least one had been used on the intercepted and seized package," as well as, whether a package of cell phones was ever shipped to Defendant's apartment. (ECF No. 130, pp. 40-41, 43).

During the hearing, Detective Frye was unable to confirm that a shipment of cellular phones was mailed to Defendant's home address. He also could not verify that the thirty nine labels for Defendant's address were ever generated. (ECF No. 130, pp. 28-30, 37-38). However, he was able to confirm that a package containing currency was to be delivered to Defendant's address and that one of the stolen Verizon cell phones was activated and used by the Defendant and linked to that same address. *(Id.* at 31, 37-39).

After reviewing Detective Frye's testimony, the Magistrate Judge correctly determined that the affidavit did not in fact contain a false statement. Even if the statement(s) were possibly confusing, the Court does not find that the statements regarding the thirty nine over-labels or the shipment to his address were knowingly or intentionally made with reckless disregard for the truth. Therefore, this objection is Overruled.

### B. The False Statement was Essential for a Probable Cause Finding

Probable cause is described as a fair probability-not an absolute certainty- "that evidence of the crime will be found at the location." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A court reviews the determination of probable cause made by a judge with great deference and will

reverse the decision only when arbitrarily made. *U.S. v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). In reviewing the sufficiency of the affidavit supporting probable cause, the Court is limited to examining the information contained within the four corners of the affidavit but must examine said information in light of the "totality of the circumstances." *U.S. v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2014), quoting *Illinois v. Gates*, 462 U.S. at 239.

The Defendant refers to the four factors cited by the Magistrate Judge in support of his determination that the warrant was supported by probable cause. Of those four factors, the Defendant objects, arguing that the Detective's false statement that thirty nine over-labels were addressed and shipped to Crawford's residence, was the only statement providing a nexus between Crawford's apartment and the illegal activity.[4] (See also ECF No. 71, pp. 2-3, and ECF No. 116, p. 7). This theory is incorrect.

The Magistrate Judge correctly concluded that even if the references to the thirty nine over-labels were eliminated, the remaining information within the four corners of the affidavit sufficiently establishes probable cause. (ECF No. 115, pp. 12-16). The Court agrees that other factors provided in the affidavit sufficiently linked Crawford and his residence to illegal activity - the package containing the currency was mailed by a co-conspirator to Crawford's address and was connected to the over-labeling scheme; an individual identifying himself as Crawford called about the package; the information on the FedEx software referenced Crawford's home address; and Crawford's home address was verified through utility bills and his driver's license. Individually, these factors are insufficient to establish probable cause. However, taken together, they establish a sufficient nexus between the illegal activity and Crawford's residence.

---

[4] The four factors were: 1) Crawford's activation of a Verizon cell phone stolen in the over-labeling scheme; 2) the fact that Crawford was a former FedEx employee in the same department where the over-labeling occurred; 3) the location of the 39 labels that were addressed to Crawford's residence on the FedEx software; and 4) the verification of his address though utility billing records and his driver's license. (ECF No. 116, pp. 6-7).

Therefore, the affidavit was not "completely devoid of any nexus between the residence" and the illegal activity. *U.S. v. Carpenter*, 360 F.3d 591, 595-96 (6th Cir. 2004) and *U.S. v. Van Shutters*, 163 F.3d 331, 336 (6th Cir. 1998) (upholding a search warrant that connected the place to the illegal activity by merely stating that the residence was available to the defendant). Any disputes surrounding the alleged false statements regarding the over-labels and package shipments to his home address are insufficient to undermine the other factors providing probable cause.

As such, the Defendant's objection to the Magistrate Judge's finding that there was a nexus between his residence and the illegal activity is Overruled.

### C. The Ipad Search was Fruit of the Poisonous Tree

The Defendant objects to the Magistrate Judge's finding that the search of the Ipad did not exceed the scope of the warrant. (ECF No. 115, pp.14-15). He also alludes to the prohibitions regarding searches of cell phones under *Riley v. California*, 134 S.Ct. 2473, 2482 (2014)(holding information contained on a cell phone is not immune from search but instead a warrant is generally required before such a search, even when a cell phone is seized incident to arrest). The Magistrate Judge concluded that the search warrant specifically included all computers and cell phones and that a search of the contents of the device did not require a second warrant. *U.S. v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012). The Defendant objects to this conclusion that the warrant was invalid as lacking probable cause. The Court has already dismissed this argument. *See Johnson*, 351 F.3d at 258.

Next the Defendant asserts that because the Ipad was seized during an illegal search and cannot be "purged of its primary taint," the item as well as any evidence derived from its search, should all be excluded as "fruit of the poisonous tree." (ECF No. 116, p. 8). Evidence that has

been obtained by means wholly independent of any constitutional violation may be admitted. *U.S. v. Wilson*, 984 F. Supp.2d 676, 686 (E.D. Ky. 2013) quoting, *Nix v. Williams*, 467 U.S. 431, 432 (1984). This objection is also Overruled.

    D. <u>The Exclusionary Rule - *The Leon Argument*</u>

The Defendant offers a response to the Government's application of *Leon*. See *U.S. v. Leon*, 468 U.S. 897 (1984). The Defendant argues that suppression of the evidence is appropriate in this case, even under *Leon*, again because the warrant used to seize the evidence is invalid. (ECF No. 116, pp. 9-10). The Court finds this issue need not be addressed. In this instance, the affidavit in support of the warrant did not contain a false statement(s) that was either knowingly misleading or recklessly included. As such, the search of the apartment was lawful and the exclusionary rule need not be applied. This objection is Overruled as Moot.

After reviewing *de novo* the Magistrate Judge's report and recommendation, and the entire record in this case including the motion to suppress, supplemental briefs, the objections in addition to the hearing transcript, the Court finds the Magistrate Judge's report and recommendation, ECF No. 115, should be adopted. Accordingly, the Defendant's motion to suppress, ECF No. 58, is DENIED.

    **IT IS SO ORDERED** on this 1st day of September, 2016.

    <u>*s/John T. Fowlkes, Jr.*</u>
    JOHN T. FOWLKES, JR.
    UNITED STATES DISTRICT JUDGE